IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TELLAS DEWAYNE THOMAS,** | **CASE NO. 4:11CV3149** |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| | **AND ORDER** |
| **MICHAEL ALDER, et al.,** | |
| Defendants. | |

Plaintiff filed his Complaint in this matter on September 2, 2011. (Filing No. 1.) Thereafter, Plaintiff was granted leave to proceed in forma pauperis, and paid an initial partial filing fee. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against three Defendants, including the Nebraska Department of Correctional Services ("NDCS"), Michael Alder ("Alder"), and John Doe ("Doe"). Plaintiff has sued Alder in his individual capacity and in his official capacity as a Tecumseh State Prison ("Tecumseh") or NDCS employee. Plaintiff named Doe in the caption of the Complaint, but made no allegations about him in the body of the Complaint. (Filing No. 1 at CM/ECF pp. 1-8.)

Condensed and summarized for clarity, Plaintiff alleges that an inmate attacked him with a metal lock as a result of Alder's failure to properly search the inmate. Specifically, on April 13, 2010, Plaintiff was assigned to work in the laundry facility at Tecumseh. (*Id.* at CM/ECF p. 4.) On this date, Alder was the guard posted at the metal detector outside

of the laundry facility. (*Id.* at CM/ECF p. 5.) Inmate Wesley Williams ("Williams") set off the metal detector three times as he attempted to enter the laundry facility. (*Id.*) Eventually, Alder allowed Williams to enter the laundry facility without being properly searched. Thereafter, while inside the laundry facility, Williams attacked Plaintiff "with a lock in a sock weapon." (*Id.*) Plaintiff suffered lacerations, painful headaches, and post-traumatic stress as a result of the attack. (*Id.*) Plaintiff seeks $200,000 in damages from Defendants. (*Id.* at CM/ECF p. 6.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v.*

2

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

### A.  *Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their individual capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary relief against a state instrumentality and a state employee in his official and individual capacities. (Filing No. 1 at CM/ECF p. 1.) As set forth above, Plaintiff may not sue a state instrumentality or a state employee in his official capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. The record before the court does not show that Nebraska waived, or Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claims for monetary relief against NDCS and Alder in his official capacity must be dismissed.

### B.     Claims Against Doe

As set forth above, Plaintiff named Doe in the caption of the Complaint, but made no allegations about him in the body of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Because Plaintiff failed to allege that Doe was personally involved, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Doe.

### C.     Eighth Amendment Claim

Plaintiff also asserts an Eighth Amendment claim against Alder in his individual capacity because he failed to protect him from Williams's attack. (Filing No. 1 at CM/ECF pp. 4-5.) To establish a failure-to-protect claim under the Eighth Amendment, a plaintiff

must show that the prison official was deliberately indifferent to a "substantial risk of serious harm." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). The plaintiff must allege both an "objective component, whether there was substantial risk of harm to the inmate," and a "subjective component, whether the prison official was deliberately indifferent to that risk." *Id.* "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). The factual determination that a prison official had the requisite knowledge of a substantial risk may be inferred from circumstantial evidence or from the very fact that the risk was obvious. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

    Here, Plaintiff alleges that Alder was a guard posted at the metal detector outside of the laundry facility on the relevant date. Williams set off the metal detector three times as he attempted to enter the laundry facility. Notwithstanding this, Alder allowed Williams to enter the facility without properly searching him and, as a result, Williams brought in a metal lock and attacked Plaintiff with it. Plaintiff's allegations against Alder are not enough to support an Eighth Amendment violation. That is, Plaintiff has not set forth enough to nudge his claim against Alder across the line from conceivable to plausible. Specifically, based on the facts set forth by Plaintiff, the court could not reasonably conclude that a substantial risk of harm to Plaintiff existed or that Alder actually knew of a substantial risk and failed to respond to it. At best, the facts set forth by Plaintiff may allege a state-law negligence claim.

    On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege an Eighth Amendment claim against Alder in his

individual capacity. Any amended complaint must restate the allegations of Plaintiff's prior Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Eighth Amendment failure-to-protect claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### D.   State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as negligence. Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

### IV.   REQUEST TO APPOINT COUNSEL

Plaintiff requests the appointment of counsel in his Complaint. (Filing No. 1 at CM/ECF p. 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)*, the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against NDCS, Doe, and Alder in his official capacity are dismissed;

2. Plaintiff shall have until **December 28, 2011**, to amend his Complaint and clearly state a claim upon which relief may be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted;

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 28, 2011;

5. Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion; and

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 29th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.